# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **DEREK LEE COLSON,**<br><br>    Plaintiff,<br><br>v.<br><br>**CITY OF THOMASVILLE, et al.,**<br><br>    Defendants. | Civil Action No. 7:18-CV-132 (HL) |

## ORDER

Plaintiff Derek Lee Colson formerly worked as a firefighter with Thomasville Fire Rescue. He filed this pro se lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), alleging that Defendants City of Thomasville, Thomasville Fire Rescue, and Christopher K. Bowman discriminated against him on the basis of his race when they did not permit Plaintiff to resume his work duties after being cleared to work by the Worker's Compensation doctor. Plaintiff claims that Defendants' refusal to allow him to return to work was in retaliation for another discrimination lawsuit Plaintiff filed against Defendants.

Now before the Court is Defendants' Motion for Summary Judgment (Doc. 22). Defendants argue that Plaintiff's claims are time-barred and should be dismissed. After reviewing the pleadings, briefs, and other evidentiary materials

presented, the Court concludes that there is no genuine dispute of the material facts and finds that Defendants are entitled to judgment as a matter of law.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

In his Second Amended Complaint, Plaintiff Derek Lee Colson, a black man, alleges that despite being cleared by his Worker's Compensation doctor to return to work as a fireman with Thomasville Fire Rescue following left knee surgery, the City of Thomasville and Fire Chief Chris Bowman prevented him from doing so. (Doc. 7). According to Colson, David Deickman, a white firefighter, was permitted to return to his work duties after being released by the Worker's Compensation doctor. (Id.). Colson alleges that the decision not to allow him to return to work was intentionally discriminatory and made in retaliation for a previous discrimination lawsuit he filed against the City of Thomasville. (Id.); see Smith, et al. v. Thomasville, Georgia, Case No. 7:14-CV-112 (HL).

Colson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 20, 2016, alleging that his employer

---

[1] Local Rule 56 requires a respondent to a motion for summary judgment to include a "separate and concise statement of material facts, numbered separately" and responding "to each of the movant's numbered material facts. All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56. Plaintiff here did not respond to Defendants' Statement of Undisputed Material Facts. (Doc. 22-2). Accordingly, the facts as outlined by Defendants are deemed admitted.

discriminated against him on the basis of his race in violation of Title VII. (Doc. 22-3, ¶ 3).[2] The EEOC assigned Colson's charge to Investigator Sharon Robertson. (Id.). Sometime in 2017, LaTonya Nix Wiley, an attorney who represented Colson during the appeal of his prior lawsuit, contacted the EEOC to inquire about the status of Colson's charge. (Doc. 26, ¶ 4).[3] Ms. Robertson thereafter completed her investigation of Colson's allegations of discrimination. (Doc. 22-3, ¶ 5). Based on a finding of "no cause," on October 26, 2017, the EEOC issued Colson a Notice of Suit Rights, which was mailed to Colson by United States Mail that same date. (Id. at ¶¶ 5-6; Doc. 22-3, p. 6).

In May of 2018, Ms. Wiley again contacted the EEOC. (Doc. 22-3, ¶ 8). According to Ms. Robertson, Ms. Wiley requested that the EEOC re-send Colson's right to sue notice. (Id.). On May 23, 2018, Ms. Robertson e-mailed Ms. Wiley a copy of the letter issued to Colson. (Id. at ¶ 9; Doc. 26, ¶ 6). Ms. Robertson also mailed a copy of the notice to Ms. Wiley and to Colson via United States Mail. (Doc. 22-3, ¶ 10; Doc. 26, ¶ 8). Ms. Wiley states that until Ms. Robertson's e-mail of May 23, 2018, she had not received a copy of the right to

---

[2] A copy of the charge has not been made a part of the record.

[3] In their motion for summary judgment, Defendants objected to the Declaration of LaTonya Nix Wiley (Doc. 24-4), pointing out that the language of the declaration does not comply with the requirements of 28 U.S.C. § 1746 and arguing that it should not be taken into consideration by the Court. (Doc. 22-1, p. 5; Doc. 25, p. 1). Plaintiff subsequently filed an amended version of the declaration, which includes the language mandated by § 1746. (Doc. 26). The form of the declaration accordingly is no longer at issue.

sue letter issued to Colson in October 2017. (Doc. 26, ¶ 8). However, counsel for Defendants attests that he received a copy of the EEOC notice on October 30, 2017, shortly after Ms. Robertson states the letter was mailed. (Doc. 28-2, ¶ 3; Doc. 28-2, p. 4).

Colson filed his pro se Complaint in this Court on August 21, 2018. (Doc. 1). In his original Complaint, Colson alleged that he received his right to sue letter on May 23, 2018. (Doc. 1, p. 5). The notice, which Colson attached to his Complaint, however, is dated October 26, 2017. (Doc. 1-1).[4] On March 8, 2019, Defendants filed their Motion to Dismiss, arguing that Colson's Complaint should be dismissed because he did not file his lawsuit within 90 days of receiving his right to sue letter from the EEOC. (Doc. 13). In response to Defendants' motion, Colson produced a copy of the envelope in which he purportedly received the EEOC notice. (Doc. 16-1). The envelope contains a post-marked date of May 23, 2018. (Id.). Colson filed his lawsuit within 90 days of that date. (Doc. 16, ¶ 2).

Unable to resolve the timeliness issue with the limited information before Court, the Court denied Defendants' motion and instructed the parties to conduct discovery relating to the issuance and receipt of the right to sue letter. (Doc. 20). The Court provided the parties with specific instructions to address the following:

---

[4] The Court noted this discrepancy in its Order allowing Plaintiff to proceed with his case without prepaying the Court's mandatory filing fee and directing Plaintiff to amend his Complaint. (Doc. 4).

"(1) whether Plaintiff requested that the EEOC issue the letter; (2) whether there is evidence that the EEOC mailed the October 26, 2017 Notice of Right to Sue letter contemporaneously with drafting the letter; (3) whether Plaintiff requested a duplicate copy of the letter; and (4) any other information pertinent to the timing of the issuance and receipt of the letter." (Doc. 20).

Defendants subsequently filed their Motion for Summary Judgment on June 11, 2019. (Doc. 22). In support of their motion, Defendants attached the Declaration of Sharon Robertson to establish when Colson filed his charge of discrimination; when the EEOC issued a finding of "no cause" and mailed a copy of the right to sue letter to Colson; when Ms. Wiley contacted the EEOC to request that the notice be re-sent; and when the EEOC mailed Colson a copy of the notice. (Doc. 22-3). In response, Colson produced the Declaration of LaTonya Nix Wiley. (Doc. 24-4).[5] The Court held a brief hearing on October 25, 2019. (Doc. 27). Colson stated under oath at the hearing that he did not receive

---

[5] As previously noted, the declaration Plaintiff filed along with his response brief did not satisfy the requirements of 28 U.S.C. § 1746. The Court permitted Plaintiff to re-file a conforming declaration. (Doc. 21). Attached to this declaration is what purports to be e-mail correspondence between Ms. Wiley and Ms. Robertson as well as between Ms. Wiley and Jessica Weeks, who is employed by the United States Department of Justice. (Doc. 24-2, p. 2-4; 24-4, p. 11-12). Plaintiff also attached affidavits from several of his former co-workers and copies of notices issued by the EEOC to each of these individuals. (Doc. 24-3; Doc. 24-4, p. 15-22). Defendants raised a number of objections to these documents. However, because the Court concludes that none of these records has any bearing on Plaintiff's receipt of his right to sue letter and the timeliness of his lawsuit, the Court has not considered them in rendering this decision.

5

the right to sue letter until May 2018. The Court provided Colson additional time to produce evidence to establish that he did not receive the original notice and to support his position that he timely filed this lawsuit. The Court permitted Defendants to supplement their motion for summary judgment as well. Defendants thereafter produced the Declaration of J. Travis Hall, counsel for Defendants, who attested to the date his office received Colson's EEOC Dismissal and Notice of Rights. (Doc. 28-2). There being no further evidence for the Court to consider, Defendants' motion for summary judgment is ripe for consideration.

## II.  SUMMARY JUDGMENT STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex, 477 U.S. at 323 (internal quotation omitted). If the movant meets this burden, the burden shifts to the party opposing summary judgment to go beyond the pleadings and to present specific evidence showing that there is a genuine issue of material fact, or that the movant is not entitled to judgment as a matter of law. Id. at 324-26. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). But, when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. ANALYSIS

"Under Title VII, in cases where the EEOC does not file suit or obtain a conciliation agreement, the EEOC 'shall so notify the person aggrieved and within 90 days after the giving of such notice a civil action may be brought against the respondent named in the charge.'" Zillyette v. Capital One Fin. Corp.,

179 F.3d 1337, 1339 (11th Cir. 1999) (quoting 42 U.S.C. § 2000e-5(f)(1)). The plaintiff bears the initial burden of establishing that he filed his complaint within 90 days of receiving the right to sue letter from the EEOC. See Green v. Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1)). "Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety-day filing requirement." Id.

Generally, "statutory notification is complete only upon actual receipt of the right to sue letter." Kerr v. McDonald's Corp., 427 F.3d 947, 952 (11th Cir. 2005) (quoting Franks v. Bowman Transp. Co., 495 F.2d 398, 404 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747 (1976)). But there is no bright-line rule for determining when a complainant has received notice of a right to sue. Id.[6] Instead, the Eleventh Circuit has "imposed upon complainants some minimum responsibility . . . for an orderly and expeditious resolution of their claims, and we have expressed concern over enabling complainants to enjoy a manipulable open-ended time extension which could render the statutory minimum meaningless." Id. (quoting Zillyette, 179 F.3d at 1340). Accordingly, in this Circuit, the 90-day limitations period shall be analyzed,

> on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to

---

[6] "When the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail, akin to the time period established in Fed. R. Civ. P. 6(e)." Id. at 953 n.9 (citing Zillyette, 179 F.3d at 1342).

8

assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond his control.

Id. (citation omitted). In applying this standard, courts often consider whether a plaintiff's own actions led to a failure to receive the right to sue letter or whether the lack of receipt was outside of the plaintiff's control. See Zillyette, 179 F.3d 1339-40. "In this way, [courts] have attempted to insure against the possibility of manipulation when the time of receipt is uniquely within the plaintiff's control." Id. at 1340.

The undisputed evidence in this case is that the EEOC issued Plaintiff a Dismissal and Notice of Rights dated October 26, 2017 and mailed the notice to Plaintiff that same day via United States Mail. (Doc. 1-1; Doc. 22-3, ¶ 6). Carbon copies of the notice were mailed to LaTonya Nix Wiley, who at that time served as Plaintiff's attorney, and to J. Travis Hall, counsel for Defendants. (Doc. 1-1). Both Plaintiff and his prior attorney claim not to have received the initial mailing of the right to sue letter, though neither of them contests that the EEOC placed the letter in the mail.[7] Mr. Hall attests that a copy arrived at his office on October 30, 2017. (Doc. 28-2).

Plaintiff claims that the EEOC did not mail the original right to sue letter to him until May 23, 2018. (Doc. 24, p. 1). In support of this assertion, Plaintiff

---

[7] And, whether or not Ms. Wiley received the October 2017 mailing does not answer the question of if, or when, Plaintiff received the notice.

produced an envelope addressed to him with a return address for the EEOC and a post-mark of May 23, 2018. (Doc. 24-1). However, the letter that Plaintiff contends arrived in that envelope, which he attached to his original Complaint, very plainly is a copy, as evidenced both by the hole punch marks at the top of the page and the sworn statement of Sharon Robertson, who states that she mailed a copy to Plaintiff in May 2018. (Doc. 1-1; Doc. 22-3, ¶ 10).

Other than his blanket statement that he did not receive the notice when the EEOC first mailed it to him in October 2017, Plaintiff offers no explanation for why he did not receive the original notice, despite the Court affording him numerous opportunities to do so. Rather, the evidence produced by Plaintiff demonstrates a lack of accountability. As attested to by Ms. Wiley, she contacted the EEOC at an unspecified date in 2017 to inquire about the status of Plaintiff's charge of discrimination. (Doc. 26, ¶ 3). There is no evidence that Ms. Wiley or Plaintiff made any further attempt to communicate with the EEOC until May 2018, when Ms. Wiley requested that the investigator re-send the right to sue letter.[8] (Doc. 22-3, ¶ 8; Doc. 26, ¶ 6). The fact that Ms. Wiley asked Ms. Robertson to re-send the right to sue letter suggests to the Court that either Ms. Wiley or Plaintiff

---

[8] Moreover, the Court notes that Plaintiff, having filed previous charges of discrimination, was familiar with the investigative process and the requirement that a lawsuit be filed within a prescribed period of time.

had prior knowledge that the EEOC issued the letter prior to May 2018 but took no action.

The law requires a plaintiff "to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute." Zillyette, 179 F.3d at 1340 (quoting Lewis v. Conners Steel Co., 673 F.2d 1240, 1242 (11th Cir. 1999)). Plaintiff here has not met his burden of demonstrating that he undertook the minimum responsibility required to ensure receipt of any communication from the EEOC and, consequently, the timely adjudication of his claims. The undisputed evidence is that the EEOC mailed a Dismissal and Notice of Rights to Plaintiff on October 26, 2017. (Doc. 23-3). There is no evidence in the record beyond Plaintiff's unsupported statement that the original notice was not delivered. Accepting this statement alone without further explanation would permit Plaintiff to enjoy a "manipulable, open-ended time extension," which the Eleventh Circuit has opined would "render the statutory minimum meaningless." Zillyette, 179 F.3d at 1340.

Receipt of a right to sue letter "is presumed when a complainant is unable to show that [his] failure to receive . . . [the] letter is no way his fault." Kerr, 427 F.3d 952. The Court applies a presumption of three days for receipt by mail. Id. at 953 n.9. The unrebutted evidence is that the EEOC mailed a right to sue letter to Plaintiff on October 26, 2017. Plaintiff accordingly had 90 days from October

29, 2017, to file his lawsuit. Plaintiff did not file his Complaint until August 21, 2018 – 296 later. Plaintiff's Complaint is therefore time-barred.

## III. Conclusion

For the reasons discussed herein, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 22). This case is hereby dismissed with prejudice.

**SO ORDERED**, this the 23rd day of January, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks